1  David Y. Choi (SBN 263917)
2  dchoi@goldbergsegalla.com
   Lisa P. Gruen (SBN 116077)
3  lgruen@goldbergsegalla.com
4  GOLDBERG SEGALLA LLP
   777 South Figueroa Street, Suite 2000
5  Los Angeles, CA 90017
   Telephone: 213.415.7206
6  Facsimile: 213.415.7299
7
8  Attorneys for Defendant RBSM, LLP

9              UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA

11                                    | Case No. 8:19-cv-00798-JLS-KES
12  JOE W. MAY, Individually and on
    behalf of all others similarly situated, | **DEFENDANT RBSM, LLP'S NOTICE**
13                                    | **OF MOTION TO DISMISS THE**
                                      | **AMENDED COMPLAINT**
14          Plaintiff,                | **PURSUANT TO FEDERAL RULE OF**
                                      | **CIVIL PROCEDURE SECTION**
15      v.                            | **12(B)(6); AND MEMORANDUM OF**
                                      | **POINTS AND AUTHORITIES IN**
16                                    | **SUPPORT THEREOF**
17  KUSHCO HOLDINGS, INC.,            | Honorable Josephine L. Staton
    NICHOLAS KOVACEVICH,
18  CHRISTOPHER TEDFORD, JIM
    MCCORMICK, CHRIS MARTIN,          |    Ronald Reagan Federal Building and
19  and RBSM, LLP,                    |    United States Courthouse
20                                    |    411 W. Fourth Street
            Defendants.               |    Courtroom 6A, 6th Floor
21                                    |    Santa Ana, CA 92701
22
23                                    | Date:  May 15, 2020
24                                    | Time: 10:30 a.m.
25                                    | *[Concurrently filed with Decl. of David*
                                      | *Choi, Esq. and supporting exhibits;*
26                                    | *Request for Judicial Notice and*
27                                    | *supporting exhibits; and [Proposed]*
28                                    | *Order]*

1
DEFENDANT RBSM'S MOTION TO DISMISS THE AMENDED COMPLAINT
8:19-CV-00798-JLS-KES

To the Honorable Court, all parties and their counsel(s) of record:

Please take notice that on Friday, May 15, 2020, at 10:30 a.m. or as soon thereafter as the matter may be heard in the courtroom of the Honorable Josephine L. Staton, located in the Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth Street, Courtroom 10A, 10th Floor, Santa Ana, CA 92701, Defendant RBSM, LLP ("Defendant") will and hereby does move this Court for an order dismissing Plaintiff's Amended Class Action Complaint for Violation of Federal Securities Laws, dated November 8, 2019, pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint fails to state a claim upon which relief can be granted.

This motion is supported by this Notice of Motion, the Memorandum of Points and Authorities, the declarations and evidence concurrently filed, information which this court may take judicial notice, and such other evidence as may be admitted at the time of the hearing of the motion.

This motion is made following unsuccessful attempts by Defendant's counsel to confer with opposing counsel pursuant to Local Rule 7-3.


Dated: February 18, 2020               GOLDBERG SEGALLA LLP


                                  By:  */s/ Lisa P. Gruen*
                                       Lisa P. Gruen
                                       David Y. Choi
                                       Attorneys for Defendant
                                       RBSM, LLP

DEFENDANT RBSM'S MOTION TO DISMISS THE AMENDED COMPLAINT
8:19-CV-00798-JLS-KES

1

# **TABLE OF CONTENTS**

I.  INTRODUCTION.................................................................................6

II.  RELEVANT FACTS ...........................................................................7

   1.    Underlying Acquisitions ..............................................................7

   2.    Characterization of the Contingent Consideration .....................8

   3.    Summary of the Complaint..........................................................8

   4.    Summary of Meet and Confer Efforts ........................................9

III.  ANALYSIS..........................................................................................9

   1.    Heightened Pleading Standard.....................................................9

   2.    Plaintiffs' Theory of Liability Against RBSM Rests Upon A
        Misapplication Of Asc 805 .......................................................12

   3.    SEC Declines to Prosecute an Enforcement
        Action Against Kushco After an Eight Month Investigation ...................15

IV.  CONCLUSION ..................................................................................16

DEFENDANT RBSM'S MOTION TO DISMISS THE AMENDED COMPLAINT
8:19-CV-00798-JLS-KES

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Page(s)**

3

**Federal Cases**

4

*In re Atossa Genetics Inc. Sec. Litig.,*
    868 F.3d 784 (9th Cir. 2017) ..................................................................10

5

6

*Balistreri v. Pacifica Police Dep't,*
    901 F.2d 696 (9th Cir. 1990) ..................................................................10

7

*Buttonwood Tree Value Partners, LP v. Sweeney*
    910 F.Supp.2d 1199 (9th Cir. 2012) ...............................................12, 13

8

9

*Conservation Force v. Salazar,*
    646 F.3d 1240 (9th Cir. 2011) ..................................................................9

10

11

*Ernst & Ernst v. Hochfelder,*
    425 U.S. 185 (1976)................................................................................11

12

*In re Gilead Scis. Secs. Litig.,*
    536 F.3d 1049 (9th Cir. 2008) ................................................................10

13

14

*In re Great Atlantic & Pacific Tea Co., Inc. Sec. Litig.,*
    103 Fed.Appx. 465 (3d Cir.2004)............................................................15

15

16

*In re Hansen Nat. Corp. Sec. Litig.,*
    527 F. Supp. 2d 1142 (C.D. Cal. 2007) ............................................14, 15

17

*In re Interpool, Inc. Sec. Litig.,*
    2005 WL 2000237 (D.N.J. Aug.17, 2005) .............................................14

18

19

*Ronconi v. Larkin*
    (2001) 253 F.3d 423 (9th Cir. 2003)..................................................10, 11

20

21

*Smith v. Allstate Ins. Co.,*
    160 F. Supp. 2d 1150 (S.D. Cal. 2001)...................................................10

22

*Swartz v. KPMG LLP,*
    476 F.3d 756 (9th Cir. 2007) ..................................................................10

23

24

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
    551 U.S. 308 (2007)................................................................................11

25

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) ................................................................10

26

27

28

4

*Zamir v. Bridgepoint Educ., Inc.*,
    274 F. Supp. 3d 1057 (S.D. Cal. 2017)................................................................14

*Zucco Partners, LLC v. Digimarc Corp.*,
    552 F.3d 981 (9th Cir. 2009) ................................................................10

**Federal Statutes**

15 U.S.C. § 78u–4(b)(1) ................................................................11

15 U.S.C. § 78u–4(b)(2) ................................................................11

FRCP 9(b) ................................................................10

FRCP 12(b) (6) ................................................................16

Private Securities Litigation Act ................................................................10, 11, 14

Securities and Exchange Act § 10(b) ................................................................6, 9, 10, 11

DEFENDANT RBSM'S MOTION TO DISMISS THE AMENDED COMPLAINT

# I. **INTRODUCTION**

This court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) because it fails to satisfy the rigorous pleading standards to state a claim of securities fraud against an outside auditor.

Plaintiffs claim that RBSM LLP ("RBSM"), the auditor of the consolidated financial statements of KushCo Holdings, Inc. ("KushCo"), violated Section 10(b) of the Securities and Exchange Act ("Section 10(b)") and Rule 10b-5 promulgated thereunder ("Rule 10b-5"). In particular, after performing an audit of the financial statements of KushCo, RBSM opined that, pursuant to Accounting Standard Codification ("ASC") 805, KushCo had properly recorded as equity the future obligation of KushCo to pay contingent stock compensation to a third-party. Plaintiffs argue that RBSM erred in certifying the accuracy of the financial statements because ASC 805 only permitted classification of the contingent stock compensation as a liability, not equity.

Even if the contingent stock compensation should have been treated as a liability, a negligent failure of an auditor to properly apply or adhere to generally accepted accounting principles ("GAAP") does *not* rise to the level of a violation of Section 10(b) or Rule 10b-5. Instead, Plaintiffs must plead sufficient facts to show *scienter* – that is, RBSM knew (or deliberately disregarded) the fact that ASC 805 did not permit classification of the contingent stock compensation as equity.

In an attempt to plead scienter circumstantially, the Complaint alleges that RBSM must have known that it was improper to record the contingent stock consideration as equity because ASC 805 only permitted treatment as a liability. To support its position, the Complaint goes to great lengths to characterize the application of ASC 805 to the contingent stock consideration as both "simple" and

DEFENDANT RBSM'S MOTION TO DISMISS THE AMENDED COMPLAINT

"straightforward".[1]

The argument of Plaintiffs is fundamentally flawed because it assumes that ASC 805 does not permit treatment of the contingent stock consideration as equity. That is false. While ASC 805 certainly references situations where contingent stock consideration could be recorded as a liability, ASC 805 also specifically references ASC 815 which permits the classification of contingent stock consideration as equity in certain circumstances. ASC 815 is, in fact, the exact provision that KushCo relied upon to record the contingent stock consideration as equity.

Moreover, the SEC seemingly agrees that the treatment of the contingent stock consideration as equity does not rise to the level of securities fraud. The SEC previously conducted an eight (8) month long investigation into to the claims asserted against Defendants that concluded on or about January 21, 2020. Tellingly, based upon the evidence gathered during the investigation, the SEC *declined* to pursue an enforcement action against KushCo.

Accordingly, since the Complaint offers no further facts to demonstrate that RBSM had the requisite scienter, this court should grant this motion in its entirety.

## II.  RELEVANT FACTS

## 1.  UNDERLYING ACQUISITIONS

KushCo, a publicly traded company, is a supplier of product and services to the legal cannabis market including packaging, solvents, accessories and banking solutions. Complaint at ¶¶ 1, 31.

In 2017 and 2018, KushCo expanded its business, acquiring three companies. (1) CMP Wellness, LLC in May 2017; (2) Summit Innovations, LLC in May 2018; and (3) The Hybrid Creative in July 2018. *Id*. at ¶¶ 4, 32.

---

[1] In reality, accounting treatment of contingent stock consideration as part of a business combination is highly complex and a far cry from a "simple" or "straightforward" application.

DEFENDANT RBSM'S MOTION TO DISMISS THE AMENDED COMPLAINT
8:19-CV-00798-JLS-KES

As part of the consideration for each acquisition, KushCo agreed to pay the respective seller contingent future stock consideration (collectively, the "Contingent Stock Consideration"). *Ibid*. That is, KushCo agreed to pay KushCo stock to each seller, the exact amount of which was to be based upon the earnings of the acquired companies after the acquisitions. *Ibid*.

## 2.    CHARACTERIZATION OF THE CONTINGENT CONSIDERATION

For accounting purposes, KushCo elected to record the Contingent Stock Consideration as equity rather than a liability pursuant to ASC 805. Complaint at ¶¶ 6-7. In turn, ASC 805-30-25-6 provides that an "[a]cquirer shall classify an obligation to pay contingent consideration as a *liability or as equity* in accordance with Subtopics *480-10 and 815-40 or other generally accepted accounting principles (GAAP)*." After evaluation by multiple professionals, including RBSM and another outside accounting consultant, KushCo elected to record the Contingent Stock Consideration as equity pursuant to ASC 815-40.

Between July 13, 2017 through April 9, 2019 (the "Class Period"), KushCo filed 8Ks disclosing the material terms of the transactions including the classification of the Contingent Stock Consideration as equity. Request for Judicial Notice ("RJN"), ¶¶ 1-5, Exhs. 1-5. Subsequent 10Q filings expressly disclosed that each acquisition was "accounted for using the acquisition method of accounting in accordance with ASC 805, *Business Combinations*." *Ibid*.

On April 9, 2019, KushCo filed a form 8-K announcing that KushCo had made an accounting error in recording the Contingent Stock Consideration as equity, and was restating its prior financial statements to classify the Contingent Stock Consideration as a liability. *Id*. at ¶ 70.

## 3.    SUMMARY OF THE COMPLAINT

This action was filed on April 30, 2019. The operative Amended Class Action Complaint (the "Complaint") was filed on November 8, 2019. In a nutshell, the Complaint alleges that Defendants knowingly made material misstatements

certifying that the accounting treatment of the Contingent Stock Consideration (as equity) was consistent with GAAP when, in reality, GAAP required KushCo to treat the Contingent Stock Consideration as a liability. *Id.* at ¶¶ 6-8.

As it relates to RBSM, the Complaint alleges violations of Section 10(b) and Rule 10b-5 because RBSM: (1) issued audit opinions opining that the consolidated financial statements of KushCo were presented fairly … in conformity with the accounting principles generally accepted …"; and (ii) knew (or recklessly disregarded) that, at the time of issuing its opinion that the financial statements, the Contingent Share Consideration was improperly recorded in the financial statements as equity. *Id.* at ¶ 10. Plaintiffs claim that the audits of RBSM "were grossly deficient, ignoring Public Company Accounting Oversight Board ("PCAOB") auditing standards" because the applicable GAAP standards, which Plaintiffs characterized as "simple" and "straightforward", mandated classification of the Contingent Share Consideration as a liability with no exception. *Id.* at ¶ 11.

**4.    SUMMARY OF MEET AND CONFER EFFORTS**

As part of the required meet and confer process pursuant to Local Rule 7-3, on January 28, 2020 and February 10, 2020, counsel for RBSM and Plaintiffs communicated via telephone and written correspondence to discuss the basis for this motion to dismiss. Declaration of David Y. Choi, ¶¶ 2-4, Ex. 1. The parties were unable to resolve their differences. *Ibid.* Counsel for Plaintiffs indicated that Plaintiffs were unwilling to amend the Complaint or dismiss RBSM from this action. *Id.*, ¶ 4.

## III.   ANALYSIS

**1.    HEIGHTENED PLEADING STANDARD**

The court may dismiss a complaint that fails to state a claim pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

1   legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

2       A.   <u>Alleged Violation of Section 10(b) or Rule 10b-5</u>

3       "Under Section 10(b) of the [Exchange Act], it is unlawful '[t]o use or

4   employ, in connection with the purchase or sale of any security ... any manipulative

5   or deceptive device or contrivance in contravention of such rules and regulations as

6   the Commission may prescribe.'" *In re Atossa Genetics Inc. Sec. Litig.*, 868 F.3d

7   784, 793 (9th Cir. 2017) (*quoting* 15 U.S.C. § 78j(b)). Rule 10b-5 prohibits making

8   "any untrue statement of a material fact or to omit to state a material fact necessary

9   in order to make the statements made, in the light of the circumstances under which

10  they were made, not misleading . . . in connection with the purchase or sale of any

11  security."

12      To plead a violation of Section 10(b) and Rule 10b-5, a plaintiff must allege

13  sufficient facts to establish: (1) a material misrepresentation or omission by the

14  defendant, (2) scienter, (3) a connection between the misrepresentation or omission

15  and the purchase or sale of a security, (4) reliance on the misrepresentation or

16  omission, (5) economic loss, and (6) loss causation. *In re Gilead Scis. Secs. Litig.*,

17  536 F.3d 1049, 1055 (9th Cir. 2008).

18      The facts pleaded must satisfy the dual pleading requirements of FRCP 9(b)

19  and the Private Securities Litigation Act ("<u>PSLRA</u>"). *Ronconi v. Larkin* (2001) 253

20  F.3d 423, 429 (9th Cir. 2003). FRCP 9(b) mandates a heightened pleading standard

21  when alleging fraud. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th

22  Cir. 2003). The allegations must contain "an account of the time, place, and specific

23  content of the false representation as well as the identities of the parties to the

24  misrepresentation." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)

25  (citation omitted). The Complaint "must plead facts explaining why the statement

26  was false when it was made." *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1152

27  (S.D. Cal. 2001). It is well-established that this heightened pleading requirement

28  applies to allegations of securities fraud. *Zucco Partners, LLC v. Digimarc Corp.*,

10

1  552 F.3d 981, 990 (9th Cir. 2009).

2      PSLRA further heightens the pleading standard. The complaint must "plead

3  with particularity both falsity and scienter." *Ronconi*, 253 F.3d at 429. To properly

4  allege falsity, the complaint must "specify each statement alleged to have been

5  misleading, the reason or reasons why the statement is misleading, and, if an

6  allegation regarding the statement or omission is made on information and belief ...

7  state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u–

8  4(b)(1). To adequately plead scienter, the complaint must "state with particularity

9  facts giving rise to a strong inference that the defendant acted with the required state

10  of mind." 15 U.S.C. § 78u–4(b)(2); *see also Ernst & Ernst v. Hochfelder,* 425 U.S.

11  185, 193 (1976). "[A] strong inference of scienter must be at least as compelling as

12  any opposing inference one could draw from the facts alleged." *Tellabs, Inc. v.*

13  *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007)).

14      B.    Allegations of Securities Fraud Against Auditor

15      In addition, to the heightened standards applicable to Section 10(b) and Rule

16  10b-5, claims of securities fraud alleged against an outside auditor are subject to

17  even higher scrutiny.

18          "The Ninth Circuit requires a plaintiff to '*prove that the accounting*
19          *practices were so deficient that the audit amounted to no audit at all,*
20          *or an egregious refusal to see the obvious, or to investigate the*
21          *doubtful, or that the accounting judgments which were made were such*
22          *that no reasonable accountant would have made the same decisions if*
23          *confronted with the same facts.*' [Internal citations omitted.] It is
24          generally difficult for plaintiffs to sufficiently plead a strong inference
25          of scienter 'because outsider auditors have more limited information
26          than, for example, the company executives who oversee the audit' and
27          because 'an auditor exercises complex and subjective professional
28          judgments that courts are not ideally positioned to second
          guess.' [Internal citation omitted]. Further, '[t]he accountant's success
          depends on maintaining a reputation for honesty and integrity,
          requiring a plaintiff to overcome the irrational inference that the

accountant would risk its professional reputation to participate in the fraud of a single client.' [Internal citation omitted.]

Plaintiffs are required to '*plead in great detail, facts that constitute strong circumstantial evidence of deliberately reckless or conscious misconduct*.' [Internal citation omitted.] Recklessness is 'a *highly unreasonable omission, involving not merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it*.' [Internal citation omitted.] Plaintiffs are required 'to plead facts that come *closer to demonstrating actual intent, rather than merely motive and opportunity*.' [Internal citation omitted.] Accordingly, '*mere allegations that an accountant negligently failed to closely review files or follow GAAP cannot raise a strong inference of scienter*.' [Internal citation omitted.] …

In determining whether a Plaintiff has adequately pleaded scienter, a court "must engage in a comparative evaluation" and consider competing inferences 'rationally drawn from the facts alleged.' [Internal citations omitted.] '[A]n inference of scienter must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of non-fraudulent intent.' [Internal citation omitted.] First, a court considers whether any of a plaintiff's allegations alone are sufficient to create a strong inference of scienter. [Internal citation omitted.] If no individual allegation is sufficient, the court must then 'assess all the allegations holistically' and ask: 'When the allegations are accepted as true and taken collectively, would a reasonable person deem the inference of scienter at least as strong as any opposing inference?' [Internal citation omitted.]" *Buttonwood Tree Value Partners, LP v. Sweeney* 910 F.Supp.2d 1199, 1205-1206 (9th Cir. 2012).

## 2.   PLAINTIFFS' THEORY OF LIABILITY AGAINST RBSM RESTS UPON A MISAPPLICATION OF ASC 805

To survive this motion to dismiss, the Complaint must demonstrate a strong inference that RBSM possessed the requisite scienter. That is, the inference that RBSM acted in an intentional manner or deliberate disregard must be *at least as strong* as the inference that RBSM did not act with such intent or reckless disregard.

DEFENDANT RBSM'S MOTION TO DISMISS THE AMENDED COMPLAINT

8:19-CV-00798-JLS-KES

*Ibid*. Mere negligence to follow GAAP does not rise to the level of scienter. *Ibid*.

Since negligence is not enough, Plaintiffs attempt to manufacture scienter based upon the (false) assumption that ASC 805 *required* KushCo to apply ASC 480 which only permitted KushCo to classify the Contingent Stock Consideration as a liability. Complaint, ¶¶ 42–51. Indeed, Plaintiffs go to great lengths to convince this court that application of ASC 805 was "simple" and "straightforward", requiring no professional judgment whatsoever. *Ibid*. This is false.

In reality, application of ASC 480 was not a foregone conclusion. ASC 805-30-25-6 states that a company acquiring another could "classify an obligation to pay contingent consideration as a liability or as equity in accordance with Subtopics 480-10 *and 815-40 or other generally accepted accounting principles* (GAAP)." RJN, ¶ 11.

ASC 815-40 *permits* classification of contingent consideration as equity if certain criteria is met. For example, ASC 815-40-25-1b states that "[c]ontracts that require settlement in shares are equity instruments", and ASC 815-40-25-4b also provides that "[c]ontracts shall be initially classified as equity in both of the following situations: 1. Contracts that require physical settlement or net share settlement …"[2] RJN, ¶¶ 12-13. Based upon the evaluation of multiple professionals, including RBSM and another outside accounting consultant, KushCo applied ASC 815-40 to classify the Contingent Stock Consideration as equity.

Noticeably absent from the Complaint is any mention of ASC 815-40. This comes as no surprise because ASC 815-40 provides a reasonable basis for KushCo

---

[2] According to the Master Glossary of the FASB: (1) the term "physical settlement" refers to a situation where "the party designated in the contract as the buyer delivers the full stated amount of cash to the seller, and the seller delivers the full stated number of shares to the buyer"; and (2) the term "net share settlement" means a situation where "the party with a loss delivers to the party with a gain shares with a current fair value equal to the gain".

1   to believe (even if mistakenly) that it was proper to treat the Contingent Stock
2   Consideration as equity, undermining the allegation of scienter.

3        The fact that Defendants may have misapplied ASC 815-40 or erroneously
4   believed that ASC 815-40 permitted classification of the Contingent Stock
5   Consideration as equity is of no consequence. "[T]he mere publication of inaccurate
6   accounting figures, or a failure to follow GAAP, without more, does not establish
7   scienter." *Zamir v. Bridgepoint Educ., Inc.*, 274 F. Supp. 3d 1057, 1069 (S.D. Cal.
8   2017). "Violations of GAAP, 'even significant ones or ones requiring large or
9   multiple restatements, must be augmented by other specific allegations that
10  defendants possessed the requisite mental state.'" *Ibid*. A "plaintiff . . . cannot
11  merely point at a GAAP principle and contend that a correct interpretation was
12  simple or obvious." *Zamir*, 274 F. Supp. 3d at 1070 (S.D. Cal. 2017) ("GAAP is
13  not the lucid or encyclopedic set of pre-existing rules that [Lead Plaintiffs] might
14  perceive it to be . . . [t]here are 19 different GAAP sources, any number of which
15  might present conflicting treatments of a particular accounting question.") (citations
16  omitted). Consequently, GAAP "tolerate a range of 'reasonable' treatments, leaving
17  the choice among alternatives to management." *Zamir*, 274 F. Supp. 3d at 1069.

18       Plaintiff argues that RBSM's certification of the financial statements of
19  KushCo gives rise to strong inference of scienter. Complaint ¶¶ 120-121, and ¶¶
20  137-138. "However, if that were true, 'scienter would be established in every case
21  where there was an accounting error or auditing mistake made by a publicly traded
22  company, thereby eviscerating the pleading requirements for scienter set forth in
23  the PSLRA.'" *In re Hansen Nat. Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1159 (C.D.
24  Cal. 2007)(*quoting Central Laborers' Pension Fund v. Integrated Electrical
25  Services, Inc.*, 497 F.3d 546, 555 (5th Cir.2007) (*quoting Garfield v. NDC Health
26  Corp.*, 466 F.3d 1255, 1266 (11th Cir.2006)); *In re Interpool, Inc. Sec. Litig.*, 2005
27  WL 2000237, at *16 (D.N.J. Aug.17, 2005) ("the fact that Defendants signed
28  financial disclosures indicating that they complied with GAAP does not imply that

they made misstatements with scienter"); *In re Great Atlantic & Pacific Tea Co., Inc. Sec. Litig.*, 103 Fed.Appx. 465, 470 (3d Cir.2004) (signature on financial disclosures stating that defendants complied with GAAP does not show that they knew procedures violated GAAP. Without allegations that RBSM signed or certified public filings <u>knowing</u> those public filings contained misstatements, RBSM's signatures on or certification of public filings alone does not give rise to a strong inference of scienter. *Hansen, supra,* 527 F.Supp.2d at 1159.

## 3. SEC DECLINES TO PROSECUTE AN ENFORCEMENT ACTION AGAINST KUSHCO AFTER AN EIGHT MONTH INVESTIGATION

Shortly after KushCo restated its financial statements, the SEC initiated an investigation into allegations that KushCo had engaged in securities fraud. RJN, ¶¶ 6-7, Exhs. 6 and 7. The investigation lasted approximately eight months. *Ibid*. On or about January 23, 2020, the SEC confirmed in a written correspondence to KushCo that the SEC had concluded its investigation and, based upon the results of that investigation, the SEC did *not* intent to recommend an enforcement action against the Company. *Ibid*.

The decision of the SEC is telling. If, hypothetically, any evidence existed supporting the claims of securities fraud, it follows that, at a minimum, the SEC would have recommended an enforcement action, particularly if the fraud was as "egregious" and blatant as Plaintiffs allege. Instead, after an eight month investigation, the SEC concluded that an enforcement action was not warranted.

DEFENDANT RBSM'S MOTION TO DISMISS THE AMENDED COMPLAINT
8:19-CV-00798-JLS-KES

# IV.  CONCLUSION

For the foregoing reasons, Defendant RBSM, LLP respectfully requests the court to grant this motion to dismiss pursuant to FRCP 12(b) (6).

Respectfully submitted,

Dated: February 18, 2020                    GOLDBERG SEGALLA LLP


By: */s/ Lisa P. Gruen*
_____
Lisa P. Gruen
David Y. Choi
Attorneys for Defendant
RBSM, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on 18th day of February 2020, I electronically filed the **DEFENDANT RBSM'S NOTICE OF MOTION AND MOTION TO DISMISS [FRCP 12(b)(6)]** with the Clerk of the United States District Court for the Central District of California, using the CM/ECF System.  The Court's CM/ECF System will send notificaton of such filing (NEF) to the parties and counsel of record who are registered with the Court's CM/ECF System in this action.

/s/     *Robert Mendoza*
Robert Mendoza

DEFENDANT RBSM'S MOTION TO DISMISS THE AMENDED COMPLAINT